Catherine McGrath
THELEN REID BROWN RAYSMAN & STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 1. | AXA, a Société Anonyme organized under Laws of France; | ) ) |
| 2. | AXA INVESTMENT MANAGERS, INC., a Delaware Corporation, | ) ) |
| 3. | AXA EQUITABLE LIFE INSURANCE COMPANY, a New York Stock Life Insurance Corporation; | ) ) ) |
| 4. | AXA ADVISORS, L.L.C., a Delaware Limited Liability Company; | ) ) |
| 5. | AXA NETWORK, L.L.C., a Delaware Limited Liability Company; | ) ) |
| 6. | AXA FINANCIAL INC., a Delaware Corporation; and | ) ) |
| 7. | AXA PRIVATE EQUITY US, LLC, a Delaware Limited Liability Company; | ) ) |
| | Plaintiffs | ) |
| | v. | ) |
| 1. | AXIA INVESTMENT MANAGEMENT, INC. an Oklahoma corporation; | ) ) |
| 2. | BOK FINANCIAL CORPORATION an Oklahoma Corporation; | ) ) |
| 3. | AMERICAN PERFORMANCE FUNDS, a Massachusetts Business Trust; and | ) ) |

OCT 26 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Civil Action No. 07-8293

**AMENDED COMPLAINT**

DEMAND FOR
JURY TRIAL

4.    BANK OF OKLAHOMA, a National        )
      Association, Chartered by the          )
      U.S. Government,                        )
                    Defendants.               )
_____ )

        AXA, a French company, and its U.S. subsidiaries, AXA Investment Managers, Inc., AXA Equitable Life Insurance Company, AXA Advisors, L.L.C., AXA Network, L.L.C., AXA Financial, Inc., and AXA Private Equity US, L.L.C. (hereinafter collectively referred to as the "AXA Companies"), allege as follows:

## NATURE OF THE ACTION

        1.  This is an action for trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114); for false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for cybersquatting in violation of § 43(d) of the Lanham Act,15 U.S.C. § 1125(d); for common law trademark infringement and unfair competition; and for related causes of action under the laws of the State of New York, including trademark infringement under New York Arts and Cultural Affairs Law § 33.09, and deceptive trade practices in violation of the laws of the State of New York, including New York General Business Law §§ 133, 349 and 350a and trademark dilution under New York General Business Law § 360-l.  Plaintiff seeks injunctive relief, an order to cancel/transfer domain names, an accounting of defendant's profits, damages, to be trebled, punitive damages, and its costs and attorneys' fees.

## THE PARTIES

        2.  Plaintiff AXA is a Société Anonyme, or "S.A.", i.e., a French limited liability company, with a principal place of business at 21 avenue Matignon, 75008 Paris, France. AXA S.A. is the parent company to an international group of insurance and financial services companies including the remaining Plaintiffs herein, and through these and other

related companies, advertises insurance and financial services to customers in, and regularly does business in, the jurisdiction of the Court.

3.    Plaintiff AXA Investment Managers, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at One Fawcett Place, Greenwich, Connecticut 06830.  AXA Investment Managers, Inc. is registered to do business in New York and provides financial services to customers and otherwise regularly does business in the jurisdiction of the Court.

4.    Plaintiff AXA Equitable Life Insurance Company is stock life insurance corporation organized under the laws of the State of New York, is authorized to do business in New York, and has a principal place of business at 1290 Avenue of the Americas, New York, New York 10104.  AXA Equitable Life Insurance Company provides insurance services to customers and otherwise regularly does business in the jurisdiction of the Court.

5.    Plaintiff AXA Advisors, L.L.C. is a limited liability company organized under the laws of the State of Delaware, and is registered to do business in New York, with a principal place of business at 1290 Avenue of the Americas, New York, New York, 10104. AXA Advisors, L.L.C. provides financial services to customers and otherwise regularly does business in the jurisdiction of the Court.

6.    Plaintiff AXA Network, L.L.C. is a limited liability company organized under the laws of the State of Delaware, is registered to do business in New York, and has a principal place of business at 4251 Crums Mill Road, Harrisburg, Pennsylvania 17112. AXA Network, L.L.C. provides financial services to customers and otherwise regularly does business in the jurisdiction of the Court.

7.    Plaintiff AXA Financial, Inc. is a corporation organized under the laws of the State of Delaware, is registered to do business in New York, and has a principal place of business at 1290 Avenue of the Americas, New York, New York, 10104.  AXA Financial, Inc. provides financial services to customers and otherwise regularly does business in the jurisdiction of the Court.

8.    Plaintiff AXA Private Equity U.S. L.L.C., is a limited liability company organized under the laws of the State of Delaware, is registered to do business in New York, and

has a principal place of business at 1370 Avenue of the Americas, New York, New York
10019. AXA Private Equity US, L.L.C. provides financial services to customers and
otherwise regularly does business in the jurisdiction of the Court.

9.    Defendant AXIA Investment Management, Inc. is a corporation organized
under the laws of the State of Oklahoma, has a principal place of business at One
Williams Center, 15th Floor, Tulsa, Oklahoma 74172, offers financial services, including
equity, fixed-income and cash management strategies to taxable and tax exempt
institutional and individual clients throughout the United States and, on information and
belief, engages in business in the jurisdiction of the Court.   AXIA Investment
Management, Inc. is a subsidiary of Defendant Bank of Oklahoma, N.A.

10.    Defendant BOK Financial Corporation is a corporation organized under the
laws of the State of Oklahoma, has a principal place of business at Bank of Oklahoma
Tower, PO Box 2300, Tulsa, Oklahoma, 74192, offers financial services, including equity,
fixed-income and cash management strategies to taxable and tax exempt institutional and
individual clients throughout the United States and, on information and belief, engages in
business in the jurisdiction of the Court.

11.    Defendant American Performance Funds is a business trust organized under
the laws of the Commonwealth of Massachusetts, has a principal place of business at
3435 Stelzer Road, Columbus, Ohio 43219, offers financial services, including mutual
funds throughout the United States, and, on information and belief, engages in business
in the jurisdiction of the Court.   The mutual funds of Defendant American Performance
Funds are managed by Defendant AXIA Investment Management, Inc.

12.    Defendant Bank of Oklahoma, N.A., is a National Association charted by the
U.S. Government for banking purposes, has a principal place of business at Bank of
Oklahoma Tower, One Williams Center, Tulsa, Oklahoma 74172, offers financial
services, including banking services like auto and home loans, and, on information and
belief, engages in business in the jurisdiction of the court.  Defendant Bank of Oklahoma,
N.A. is a subsidiary of Defendant BOK Financial Corporation.

## JURISDICTION AND VENUE

13.  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1116, 1121 and under 28 U.S.C. §§ 1331, 1337 and 1338(a).  This Court has jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a) and principles of supplemental and pendent jurisdiction.  Jurisdiction also resides under 28 U.S.C. § 1332 (diversity of citizenship).  The amount in question herein exceeds $75,000.

14.  All Defendants are subject to personal jurisdiction in this District, on information and belief, by reason of their transaction of business in the State of New York.

15.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).  On information and belief, Defendants are doing business in this District, have substantial contacts with this District, are subject to personal jurisdiction, and a substantial portion of the events giving rise to the claims asserted herein have occurred in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

16.  AXA S.A. the French parent, is a global financial services company with about 190,000 employees and about 52 million clients.  The company ranks in *Fortune Magazine's "Global 500"* as the 15th largest corporation in the world based on its revenues of almost $130 billion dollars.  AXA engages in life, health and other forms of insurance, and investment management.  Its main operations are in Western Europe, North America and the Asian Pacific region.

17.  Originally named Ancienne Mutuelle, the company renamed itself Mutuelles Unies in 1978, and the present name AXA was adopted in 1985.

18.  The AXA Companies offer, in the U.S., a variety of traditional, variable and interest-sensitive life insurance products, variable and fixed-interest annuity products, mutual funds and other investment products and asset management, financial planning and other financial services principally to individuals, small and medium-size businesses and professional and trade associations.   For example, the financial products and services of the AXA Companies are offered in all 50 states on a retail level by independent contractor agents, and through national and regional securities firms, independent financial planners and other broker-dealers, banks and brokerage

general agencies.

19.  Currently, the AXA Companies have a number of mutual funds under their control/management that are offered to the public throughout the country and which have total assets of several billions of dollars.

20.  The AXA Companies have about 6000 U.S. employees, and a separate sales force consisting of about 6000 financial professionals.

21.  In the U.S., AXA S.A. and/or its subsidiaries have, since at least about 1987, used the mark "AXA" alone and in combination with other terms in the marketing of insurance and other financial services to individuals and institutional investors to represent the very high quality of the services offered, and to distinguish these services from those of others.  These marks appear on television commercials, letterhead, magazine advertisements, business cards, signage, brochures, websites, domain names, etc.  Examples of descriptions of the AXA Companies, and an advertisement for the services offered by the AXA Companies and using at least the mark "AXA" is attached as Exhibit A.

22.  More particularly, at least the following marks have been used and are being used by the AXA Companies in such a way that a "family" of marks has been established for its brand to promote and advertise, and generate goodwill for the AXA Companies in the U.S.:

AXA (alone in block letters, or stylized or in logo formats)

AXA INVESTMENT MANAGERS

AXA IM

AXA FINANCIAL

AXA FINANCIAL PROTECTION

AXA ADVISORS

AXA NETWORK

AXA PRIVATE EQUITY

AXA EQUITABLE

AXA DISTRIBUTORS

AXA ENTERPRISE

AXA FOUNDATION

AXA ASSISTANCE

AXA CORPORATE SOLUTIONS

AXA ACHIEVEMENT

AXA ART

Also, various of these marks have been incorporated in domain names and can themselves serve as marks, such as www.axa.com, www.axaonline.com, www.axa-im.com and www.axa-financial.com. The colors consistently used with many of these marks are blue alone, or a combination of blue, white and red. These marks are referred to herein as the "AXA Marks". AXA, S.A. is the owner of the "AXA Marks".

23. AXA, is the owner of record at the U.S. Patent and Trademark Office of at least the following U.S. Service Mark Registrations including the mark "AXA", many of which correspond to the AXA Marks and have obtained "incontestable" status under Section 15 of the Lanham Act (15 U.S.C. Section 1065):

2,337,424 for AXA INVESTMENT MANAGERS

1,679,597 for AXA

2,072,157 for AXA

2,416,704 for AXA

2,118,193 for AXA

2,693,952 for AXA

2,522,000 for AXA FINANCIAL

2,546,263 for AXA ADVISORS

2,546,262 for AXA ADVISORS

2,691,402 for AXA NETWORK

2,837,673 for AXA PRIVATE EQUITY

2,942,802 for AXA PRIVATE EQUITY

2,511,513 for AXA ASSISTANCE

2,871,993 for AXA CORPORATE SOLUTIONS

2,987,693 for AXA ART

Copies of these U.S. Registrations are attached as Exhibit B.

24.  The  AXA Companies have been featured in magazine and newspaper articles for a number of years, and the AXA Companies' representatives have spoken at many financial industry functions, and have promoted charity events, here in the U.S., all resulting in significant goodwill for the AXA Companies.

25.  Through extensive, longtime, exclusive and continuous interstate use, and the above-noted registrations, the AXA Marks represent a "family" of marks, each including the distinctive mark "AXA".

26.  Through extensive, longtime, exclusive and continuous interstate use, and

the above-noted registrations, the AXA Marks are famous and distinctive marks.

27.   Thus, for about twenty years at least the mark "AXA" has been used continuously and exclusively, and respected by its relevant industry competitors, to signal to prospective and actual customers that a single source was responsible for the high quality financial services, including mutual funds.  A simple, free Internet search at the time Defendant BOK adopted "AXIA" would have confirmed for any member of the public that the AXA Companies were using the AXA Marks extensively in interstate commerce and that most were the subject of longstanding federal registrations.

28.   Apparently, sometime prior to mid-2006, a decision was made by Defendant BOK to change the name of its existing subsidiary "BOK Investment Advisers, Inc." to "AXIA".  The reason the word "AXIA" was chosen as the new name appears to be that "the AXIA brand could give BOK a chance to reach customers seeking an investment firm with all the appearances of a Wall Street pedigree." (Emphasis Supplied).  M. Jake Dollarhide, chief executive of Longbow Asset Management Co., of Tulsa, Oklahoma, as reported in the The Journal Record, Oklahoma City, June 22, 2006 (attached as Exhibit B-1).  The AXA Companies have had such a Wall Street pedigree for years.

29.   To further give the impression that the new "AXIA Investment Management, Inc." was actually a well established company with a tradition of trusted service in the financial area, the company promoted itself on its website as follows:  "AXIA has a long history of employing consistent and well-defined investment philosophies and processes that exploit market inefficiencies, providing us the opportunity to 'deliver value' to our taxable and tax-exempt clients." (Emphasis Supplied).  AXIA Investment Management Inc. could not have had a "long tradition", as it was just starting.  Similarly, on Defendant American Performance Funds' website, the biography of Mr. J. Brian Hendersen, President of AXIA Investment Management, Inc., the company that manages the Defendant American Performance Funds family of mutual funds, indicates that he "established AXIA's fixed income philosophy and process in 1993 as the firm's Director of Fixed Income Strategy…". (Emphasis Supplied).  Further it is stated, "Since 1993, Mr. Henderson has been portfolio manager at AXIA Investment Management, Inc." (Emphasis Supplied).  Other Portfolio managers are similarly touted as being with

AXIA Investment Management, Inc., from 2000-2005.  However, AXIA Investment Management, Inc. did not exist until 2006.   Such deceptive statements concerning a long, trusted tradition in the financial field would only be made by a newly-formed company as an attempt to lead the public into thinking it is another, established company.

30.  In light of the intent of becoming a player on Wall Street, Defendant's espousing an untrue history of experience under the AXIA name, and adopting and promoting a mark  and domain name strikingly similar to a group of related well-known Wall Street firms, i.e., the AXA Companies, in the very same and/or similar field of endeavor, were calculated by the Defendants to lead the consuming public into thinking it was dealing with the long-established and well-known AXA Companies.

31.  AXA, S.A. learned of an application for federal registration of the mark "AXIA Investment Management" (plus logo), U.S. Serial No. 78/876,667, pending at the U.S. Patent and Trademark Office.  The application claimed the mark was to be used with "Banking services, investment services, namely asset acquisition, consultation, development and management services and consumer lending services,"  goods which are identical to or very similar to those offered by the AXA Companies, as noted above.  The application for registration was filed in the name of  Defendant "BOK Financial Corporation" (hereinafter "BOK").

32.  AXA then also learned of the interstate use of the marks "AXIA" (word only), "AXIA Investment Management" (words only) and "AXIA Investment Management" (plus logo), hereinafter the "AXIA" marks, for these same and/or similar services, on websites of several of the Defendants.  An example of use of the AXIA marks is included as Exhibit C, which is taken from the "Statement of Use" filed April 17, 2007 by the Applicant BOK with the U.S. Patent and Trademark Office to prove that the mark had been used in interstate commerce.  Defendant BOK also registered and Defendant AXIA Investment Management Inc. uses the website www.axiaim.com, and Defendant AXIA Investment Management, Inc. uses a telephone number "800-958-AXIA", each of which prominently uses the term "axia" in promoting their services.  Defendant American Performance Funds also uses the AXIA Marks on its website accessible in

the jurisdiction to promote the sale of mutual funds.

33.  On July 18, 2007, AXA's U.S. trademark counsel, William Herbert, forwarded a letter to BOK Financial Corporation's attorney handling the pending application for registration, Ms. Penina Michlin Chiu.  A copy of the July 18, 2007 letter is attached as Exhibit D.  The letter advised that the use of the AXIA marks was likely to confuse customers due to the similarity of the respective marks and services, and that the AXA Marks would be diluted.  The letter requested a written response by August 2, 2007.

34.  Immediately before the response date, i.e., on July 31, 2007, Defendants AXIA Investment Management, Inc. and BOK Financial Corporation, filed a declaratory judgment action in the Northern District of Oklahoma naming each of the following Plaintiffs herein: AXA (French parent), AXA Investment Managers, Inc., AXA Advisors, L.L.C., AXA Network, L.L.C., AXA Financial, Inc., and AXA Private Equity US, L.L.C., and basically seeking a declaration that the concurrent use of AXIA and AXA for the same or similar services, by different companies, is not an infringement or dilutive.  A Motion to Dismiss the Oklahoma action is being filed by the AXA entities noted immediately above, so that the present, more appropriate action can proceed.

## COUNT I
### Infringement of Federal Registrations
### (15 U.S.C. § 1114)

35.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

36.  Plaintiff, AXA, S.A., is the owner of the federal service mark registrations included in paragraph 23 above.  These registrations are now valid, subsisting, uncancelled, and unrevoked.

37.  Either inherently, due to the term "AXA" being "arbitrary" as applied to financial services, or through the extensive advertising, sales, media coverage, etc., enjoyed by the AXA Marks, same are distinctive and strong marks.

38. Plaintiffs herein have never authorized or acquiesced in Defendants' use of the AXIA Marks.

39. Continuously since at least about 1987, at least one of the Plaintiffs, or a predecessor-in-interest, has used interstate the mark "AXA" which is the subject of U.S. Registration No. 2,072,157, in connection with and to identity financial products and services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation, prominently using the mark AXA on advertising distributed throughout the United States, including particularly in the State of New York.

40. The additional registrations included in paragraph 23 above began interstate use at various times after at least about 1987. Use of the marks covered by these additional registrations has been made by at least one of the Plaintiffs herein, or a predecessor-in-interest, and has been continuous since its respective first date of interstate use to identity financial products and services and to distinguish said products and services from similar products and services offered by other companies, by, and without limitation, prominently using the respective marks on advertising distributed throughout the United States, including particularly in the State of New York.

41. Defendants have infringed Plaintiffs' marks in interstate commerce by various acts, including, without limitation, using the AXIA Marks in selling, offering for sale, promotion and advertising of financial services, including mutual funds, which services are of a type identical and/or very similar to the type offered by Plaintiffs, and by directing such acts by other Defendants, thereby contributing to the infringement by other Defendants.

42. Defendants' use of the AXIA Marks in connection with financial services is without permission or authority of the Plaintiffs and said use is likely to cause confusion, to cause mistake and/or to deceive.

43. Defendants' use of the AXIA Marks in connection with financial services, including mutual funds, has been made notwithstanding Plaintiffs' well-known and prior established rights in the registered marks. Defendants had at least constructive notice of Plaintiffs' federal registrations under 15 U.S.C. § 1072 and likely actual knowledge.

44.  Upon information and belief, Defendants' infringing activities have been willful and deliberate, have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs' businesses, reputations and goodwill in the many federally registered marks discussed above.  Plaintiffs have no adequate remedy at law.

## COUNT II

Federal False Designation of Origin and Unfair Competition
(15 U.S.C. § 1125(a))

45.    Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

46.  Either inherently or through the extensive advertising, sales, media coverage, etc., enjoyed by the AXA Marks, same are distinctive and strong marks.

47.  Plaintiffs herein have never authorized or acquiesced in Defendants' use of the AXA Marks.

48.  Due to the strong similarity of the AXA Marks and the AXIA Marks, differing in only one interior letter which may not even be pronounced, and the identical or very closely related nature of the services with which these marks are used, respectively, present and prospective customers will be confused as to the source of the respective services.  For example, in the financial field, as in many other fields, word-of-mouth advertising is very important.  People also rely on friends, relatives, etc. in seeking guidance for investments.  With the two words "axa" and "axia" so similar phonetically, and not being common English language words or having any well-known meaning, there is a very high likelihood that someone obtaining verbal advice to invest with "AXA" may not fully understand the pronunciation, and when searching the internet for the company comes across the AXIA Investment Management, Inc. website, offering the same services as the AXA Companies, will be confused and make an unintended investment, i.e., contrary to the recommendation made by his/her friend/relative.  Thus,

consumers are in danger of risking their financial futures on the possible misinterpretation of a several letter unusual word.

49.  To reinforce the unauthorized association between the Defendants and Plaintiffs, Defendants use a color blue for the word "AXIA" that is similar to the blue used by Plaintiffs for the mark "AXA".  Also, at least in the logo version of the mark "AXIA  Investment Management, Inc." a color scheme of blue, white and orange is used, which is evocative of the color scheme that has often been used with logo version of the mark "AXA", i.e., blue, white and red.  Moreover, in some instances where the AXIA Marks are used in stylized font, the font has characteristics similar to those of some of the AXA Marks that are in a stylized font (e.g., the legs and cross members of the "A" have similarly differing thicknesses, and the legs of the "X" have differing thicknesses (compare, e.g., Exhibit C with Registration No. 2,072,157 of Exhibit B). Regardless of the color scheme and/or font, prospective customers often are faced with comparing only the core marks, i.e., "AXIA" and "AXA" in black block letters in advertising copy.

50.  Defendants' unauthorized use of the AXIA Marks in a domain name, on websites, in a phone number, and in other advertising confuses customers due to their similarity to the AXA Marks, thereby causing customers to purchase services offered by Defendants' thinking they are those of Plaintiffs.  Accordingly, sales by Defendants, on information and belief, have been or will be diverted from the AXA Companies.

51.  Unless Defendants are stopped from infringing the AXA Marks, the public will continue to be confused as to the source of services sold under the AXIA Marks, and Defendants' actions will continue to cause economic injury to the AXA Companies and the goodwill associated with the AXA Marks.

52.  By so imitating and infringing the AXA Marks by the interstate use of the AXIA marks with financial services, and by the Defendants cooperating in these acts by delegating the use of an infringing domain name and causing the Defendant American Performance Funds to use the AXIA Marks in advertising, Defendants have created directly, or contributorily, a false designation of origin, a false or misleading description and misrepresentation of fact which is likely to cause confusion and to cause mistake,

and to deceive as to the affiliation, connection or association of the Defendants with Plaintiffs as to the origin, sponsorship, or approval of Defendants services and the commercial activities of Plaintiffs, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.    Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

54.    The AXA Companies have been and are being irreparably damaged by Defendants' violation of Section 43(a) of the Lanham Act, and have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause irreparable injury to the AXA Companies and to the public.

## COUNT III

Federal Trademark Dilution
(15 U.S.C. § 1125(c))

55.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

56.  Through extensive advertising, sales, media coverage, etc., the AXA Marks are famous and distinctive, and became famous prior to Defendants' first unauthorized use of the AXIA Marks.

57.  In light of the very close similarity of the AXA Marks and the AXIA Marks, and the identical or very closely related nature of the services with which these marks are used, respectively, actual dilution by blurring is occurring when the AXIA Marks are being used with Defendants' services.  Even if actual dilution is not occurring, dilution by blurring is clearly likely to happen, due to the fame of the AXA Marks.

58.  In addition, in the financial services area, where people are investing large sums of money, the ability to control the high quality of the services is imperative, and the value of famous marks associated with such high quality services cannot be allowed to be diluted by being indiscriminately applied by others to goods/services over which the famous mark owner has no control, which can lead to dilution by tarnishment . For example, if the Defendant American Performance Funds mutual funds sold using the

AXIA Marks should be poorly managed, such reputation could tarnish the reputation of the famous AXA Marks.

59.  Defendants' unfettered use of marks similar to the AXA Marks may have no end.  Unless Defendants are stopped, Defendants may apply the AXIA Marks to other products or services, the quality of which would not be under the control of the AXA Companies.

60.  The foregoing acts of Defendants constitute use of marks in commerce that are likely to case, have caused and will continue to cause dilution, either by blurring or tarnishment, of the distinctive quality of the AXA Marks.

61.  Continued use by Defendants of marks very similar to the AXA Marks will result in a lack of designation and indication of origin, and a loss of distinctiveness and exclusivity of the famous AXA Marks and violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

63.  The AXA Companies have been and are being irreparably damaged by Defendants' violation of Section 43(c) of the Lanham Act, and have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause injury to the AXA Companies and to the public.


## COUNT IV

### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

64.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

65.  Defendant BOK has registered the domain name www.axiaim.com and, on information and belief, directs its subsidiary, the Defendant AXIA Investment Management, Inc., to use same to allow public access to the AXIA Investment Management, Inc. website, which prominently uses the AXIA Marks.

66. By registering and using this infringing domain name, Defendants BOK and AXIA Investment Management, Inc., have in bad faith registered, trafficked in and/or used a domain name that is confusingly similar to and/or dilutes the AXA Marks.

67. The registration of the domain name www.axiaim.com, the continued use of the mark "AXIA" in this domain name and the use of the AXIA Marks on the website, are in bad faith since Defendants' BOK and AXIA Investment Management, Inc. had to have been aware of the AXA Marks at the time of registration of the domain name and had to have been trying to benefit from the goodwill associated with the AXA Marks.

68. Also, actual or prospective customers looking for the AXA website, should they misspell it by inserting an "i" between the "x" and the second "a", will arrive at the AXIA Investment Management, Inc. website which uses the confusingly similar term AXIA therein, leading the customer to believe that it had landed at an AXA site. Registering and using such a close domain name also amounts to bad faith "typosquatting."

69. Regardless of how the customers arrive at the site, the fact that the website of Defendant AXIA Investment Management, Inc. is replete with the AXIA marks is in bad faith since, due to the similarity with the AXA Marks, it leads prospective customers into thinking that the website is an AXA Company site or that the AXA Companies authorize or otherwise sponsor the site or the services offered thereon, which is not true.

70. Defendants BOK Financial Corporation and AXIA Investment Management, Inc. continue to use the domain name in bad faith in an effort to attract customers that should otherwise be directed to the websites of the AXA Companies.   As such, the AXA Companies are intentionally being denied access to potential Internet customers.

71. As noted above, the AXA Companies use the domain names www.axa.com, www.axaonline.com,  www.axa-im.com and www.axa-financial.com in promoting financial services on the web.  The domain name www.axiaim.com used by AXIA Investment Management, Inc. to promote the same or very similar services is likely to be confused by web users in light of the very similar above-noted domain names of the AXA Companies.

72.  As noted above, the AXA Companies have used various marks, including the term "AXA" alone or in combination with other terms, in promoting the same or similar financial services that AXIA Investment Management, Inc. does on its website. The similarity of these respective terms and the identical or very similar services is likely to confuse web users as to the source of the respective services.

73.  Defendants BOK and AXIA Investment Management, Inc., registered the infringing domain name and have used the domain name with the intent to divert consumers away from websites of the AXA Companies, and to a website accessible under the infringing domain name, for these Defendants' commercial gain.  Defendants' aforementioned actions harm the goodwill represented by the AXA Marks by creating a likelihood of confusion as to source, sponsorship, or endorsement of the AXIA Investment Management, Inc., website, or by diluting the AXA Marks.

74.  The foregoing acts of Defendants constitute cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

75.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

76.  The AXA Companies have been and are being irreparably damaged by Defendants' violation of the Anti-Cybersquatting Consumer Protection Act, and they have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause injury to the AXA Companies and to the public.

## COUNT V

Common Law Trademark Infringement and Unfair Competition

77.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

78.  Defendants' use of the AXIA Marks in connection with advertising and sale of financial services, including mutual funds, as described above, is in violation of the common law, including the common law of New York, because it is likely to confuse customers as to the source of the services, and therefore constitutes common law

trademark infringement and unfair competition.

79.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

80.  The AXA Companies have been and are being irreparably damaged by Defendants' violation, and they have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause injury to the AXA Companies and to the public.

## COUNT VI

State Trademark Infringement

(N.Y. Arts and Cultural Affairs Law § 33.09)

81.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

82.  Defendants' acts of using confusingly similar variations of the AXA Marks with the commercial sale of the same or similar services, as discussed above, without the AXA Companies' consent, knowing the same to be an imitation of the AXA Marks, constitutes a violation of N.Y. Arts and Cultural Affairs Law §§ 33.09(2) and (3).

83.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

84.  The AXA Companies have been and are being irreparably damaged by Defendants' violation, and they have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause injury to the AXA Companies and to the public.

## COUNT VII

Use of Trade Name with Intent to Deceive

(N.Y. Gen. Bus. Law § 133)

85.  Plaintiffs repeat and reallege the allegations set forth in the foregoing

paragraphs above.

86.  Defendant AXIA Investment Management, Inc.'s use of the tradename AXIA Investment Management, Inc. constitutes an unfair act by seeking to deceive the public into thinking there is an association or affiliation between this company and the AXA Companies, especially with the trade name of Plaintiff "AXA Investment Managers, Inc.".

87.  AXIA Investment Management Inc.'s misappropriation and infringement of the AXA Marks, including the use of this trade name, constitutes the assumption, adoption or use, with intent to deceive or mislead the public, for advertising purposes or for the purposes of trade of a symbol or simulation thereof or a part of a symbol or simulation thereof, which may deceive or mislead the public into believing that a connection presently exists between AXIA Investment Management, Inc. and the AXA Companies, in violation of N.Y. Gen. Bus. Law § 133.

88.  The AXA Companies have been and are being irreparably damaged by AXIA Investment Management, Inc.'s violation, and they have no adequate remedy at law.  Unless restrained by this Court, Defendant's violation will continue to cause injury to the AXA Companies and to the public.

## COUNT VIII

### Deceptive Acts and Practices/False Advertising
### (N.Y. Gen. Bus. Law §§ 349 and 350)

89.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

90.  Defendants' use of the AXA Marks in connection with the advertising and sale of financial services, including mutual funds, causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection and association of Defendants' services relative to the AXA Companies' services.

91.  Defendant's misappropriation and infringement of the AXA Marks in the conduct of its business represents a deliberate attempt to deceive and materially

mislead consumers into believing that Defendants are in some manner presently affiliated with the AXA Companies, and that the services offered by Defendants under the AXIA Marks originate from the AXA Companies.

92.  By engaging in such false and misleading advertising, Defendants have engaged in deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349 and false advertising in violation of N.Y. Gen. Bus. Law § 350.

93.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

94.  The AXA Companies have been and are being irreparably damaged by Defendants' violation, and they have no adequate remedy at law.  Unless restrained by this Court, Defendants' violation will continue to cause injury to the AXA Companies and to the public.

COUNT IX

State Trademark Dilution

(N.Y. Gen. Bus. Law § 360-l)

95.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

96.  Plaintiffs' AXA Marks constitute famous marks in the State of New York pursuant to New York General Business Law § 360-l, which marks became famous well prior to the relatively recent commencement of Defendants' activities alleged herein.

97.  Defendants' acts constitute use in New York of marks similar to the AXA Marks that is likely to cause injury to the AXA Companies' business reputation and to cause dilution of the distinctive quality of the AXA Marks, which use began after the AXA Marks had become famous.

98.  The foregoing acts of Defendants violate state common law and statutes, including N.Y. Gen. Bus. Law § 360-l.

99.  Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and deliberate.

100.  The AXA Companies have been and are being irreparably damaged by Defendants' violation, and it they have no adequate remedy at law.  Unless restrained by this Court, Defendant's violation will continue to cause injury to the AXA Companies and to the public.

### COUNT X

Cancellation of Registration

(15 U.S.C. § 1119)

101.  Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs above.

102.  Plaintiffs request that this Court order the cancellation of U.S. Service Mark Registration No. 3,309,723, issued October 9, 2007, for the mark "AXIA INVESTMENT MANAGEMENT (plus logo)" which was filed and obtained in violation of AXA, S.A.'s rights and by fraud and/or bad faith on the U.S. Patent and Trademark Office.

103.  The application Serial No. 78/876,667 which matured into Registration No. 3,309,723 was filed May 4, 2006 by BOK Financial Corporation.  By this date the U.S. Patent and Trademark Office had issued all of Plaintiff AXA, S.A.'s registrations listed in numbered paragraph 23 above.

104.  By May 4, 2006, BOK Financial Corporation had constructive knowledge of AXA, S.A.'s claim of ownership in the marks included in the registrations set out in numbered paragraph 23, pursuant to 15 U.S.C. § 1072, or actual knowledge.

105.  By May 4, 2006, it is believed that BOK Financial Corporation knew or should have known that the AXA Marks were being used in interstate commerce to promote financial services.

106.  At the time BOK Financial Corporation filed its application on May 4, 2006, the AXA Marks were in use and AXA, S.A. had acquired superior rights to Defendants.

107.  BOK Financial Corporation's application filed on May 4, 2006 included a declaration under 28 U.S.C. §1001 averring, among other things:

...he/she believes the applicant to be the owner of the trademark/service mark sought to be registered...he/she believes the applicant to be entitled to use the mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive...

108. The above declaration was signed on behalf of BOK Financial Corporation by Richard J. Cipolla, Jr., an attorney with Frederic Dorwart, Lawyers, of Tulsa, Oklahoma, counsel to all Defendants in this action.

109. It is believed that these statements were false at the time they were made and that Defendant, BOK Financial Corporation and/or its counsel, Frederic Dorwart, Lawyers, knew that the statements were false.

110. BOK Financial Corporation knowingly failed to disclose AXA, S.A.'s superior rights in the AXA Marks and registrations to the U.S. Patent and Trademark Office, with the intent to obtain a registration to which it was not entitled. The U.S. Patent and Trademark Office relied upon BOK Financial Corporation's misrepresentations in issuing U.S. Service Mark Registration No. 3,309,723.

111. BOK Financial Corporation's actions constitute fraud on the U.S. Patent and Trademark Office and/or the public.

112. Pursuant to 15 U.S.C. § 1119, this Court has authority to order cancellation of U.S. Service Mark Registration No. 3,309,723, and Plaintiffs request the Court to order cancellation of the Registration.

*******

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor on all causes of action and grant them the following relief:

A.  Preliminarily and permanently enjoining and restraining Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from using the AXIA Marks, either alone or together, or any other mark, domain name, internet keyword, telephone number, metatag or ticker symbol that is confusingly or deceptively similar, or dilutive, in connection with the offering of financial or similar/related services, from infringement of the above-described U.S. Trademark Registrations, from unfairly competing with Plaintiffs, from engaging in unfair and deceptive trade practices, from injuring Plaintiffs' business reputation, and from diluting Plaintiffs' trademark rights, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), the above-noted sections of the New York statutes, and the equitable power of this Court to enforce the common law of the State of New York.

B.  Requiring Defendants to account for and pay to Plaintiffs the profits derived by Defendants from offering any goods or services bearing the AXIA Marks, and such additional amount as the Court finds to be just, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law. § 349(h).

C.  Requiring Defendants to pay to Plaintiffs an amount yet to be determined to compensate Plaintiff for all damages sustained as a result of Defendants' unlawful conduct described above, and requiring with respect to damages resulting from infringement and/or from unfair competition of the AXA Marks under the Federal Trademark Act, that such damages be trebled pursuant to 15 U.S.C. § 1117, and further providing that damages awarded under Counts VI, VII, VIII and IX be trebled pursuant to N.Y. Gen. Bus. Law. § 349(h).

D.  Requiring Defendants to pay Plaintiffs punitive damages in such amount as the Court finds appropriate.

E.  Under 15 U.S.C. § 1125(d)(1)(C), forfeiting or canceling the domain name www.axiaim.com, and preferably transferring the domain name to Plaintiffs.

F.  Requiring Defendants to deliver up for impoundment and destruction as the Court directs, pursuant to 15 U.S.C. § 1118, and N.Y. Gen. Bus. Law §§ 133 and 360-l,

all goods and materials that include, depict, constitute, or copy the AXA Marks, as well as all computer software, computer hardware, plates, negatives, masters, and any other items used in creating such materials.

    G.  Cancelling U.S. Service Mark Registration 3,309,723 and issuing a decree and order certified by the Court to the Director of the United States Patent and Trademark Office that this registration shall be cancelled pursuant to 15 U.S.C. § 1119.

    H.  Declaring this an exceptional case and awarding Plaintiffs their reasonable attorneys' fees for prosecuting this action, in accordance with 15 U.S.C. § 1117.

    I.  Awarding Plaintiffs their attorneys' fees and costs in this action, pursuant to N.Y. Gen. Bus. Law. § 349(h).

    J.  Awarding Plaintiffs their costs and expenses incurred in prosecuting this action, expert and professional fees of accountants, economists or survey experts

    K.  Requiring payment to Plaintiffs of prejudgment interest on all liquidated sums.

    L.  Requiring Defendants to file with the Court and serve on Plaintiffs' counsel a report setting forth the manner and form of their compliance with the Court's orders.

    M.  Granting such other and further relief as the Court may deem just and proper, including that which is provided for in 15 U.S.C. §§ 1116-1119 and 1125, N.Y. Gen. Bus. L. §§ 133, 349, 350, and 360-l, and N.Y. Arts and Cultural Affairs Law § 33.09.

DEMAND FOR JURY TRIAL

Plaintiffs herein demand a jury trial for all triable issues.

Dated:   October 26, 2007

THELEN REID BROWN RAYSMAN &
STEINER LLP


By: _____
     Catherine McGrath
     875 Third Avenue
     New York, New York 10022
     (212) 603-2000

Attorneys for Plaintiffs
AXA, S.A.
AXA Investment Managers, Inc.
AXA Equitable Life Insurance Company,
AXA Advisors, L.L.C.,
AXA Network, L.L.C.,
AXA Financial, Inc.
AXA Private Equity US, L.L.C.

# Exhibit A




# The AXA Group website

Français
Site Map
Search
Subscribe
Contacts

| The AXA Group | Corporate Governance | Corporate Responsibility | Investor Relations | Individual Shareholders | Press Corner | Publications |



Access to presentations | Analysts | Press |

## News



### AXA contributes to the gain of the public collections

It is official : on July 17 - The Flight into Egypt (1657-1658 ) - Nicolas Poussin's masterpiece will remain in France and be able to join the French public collections. Let's look back over this acquisition, which was made possible thanks to the patronage of a number of French businesses, including AXA.

*(c) D.R*

## Headlines

### Half Year 2007 Earnings Release

The documents relating to Half Year 2007 Earnings Release are now available on line in axa.com under the Investor Relations and Press Corner headings.

To access the audio and video feeds and podcast from the analyst conference, join us under the Investor Relations/Financial Results heading.

To access the audio and video feeds and podcast from the press conference, join us under the Press Corner/Financial Results heading.

## Agenda

- Shareholders breakfast /Musée du Louvre (France)
- Shareholders' information meeting in Lyon (France)
- Advisory Committee Meeting
- Investment Forum in Paris
- First Nine Months 2007 Activity Indicators release
- Ambition 2012 update presentation
- Actionaria Exhibition in Paris (Palais des Congrès)
- Shareholders' information meeting in Bordeaux (France)
- Full Year 2007 activity indicators release
- Full Year 2007 earnings publication
- First Quarter 2008 Activity Indicators release
- Half Year 2008 earnings release
- First Nine Months 2008 Activity Indicators release

## Latest issues

- 08/24 AXA Investment Managers - Weekly Comments
- 08/20 Disclosure of transactions in own shares from August 13 to August 17, 2007
- 08/20 AXA announces its 2007 employee share offering subscription price (Shareplan 2007)
- 08/16 Half Year Financial Report
- 08/13 Half Year 2007 Earnings Press Presentation Script
- 08/13 Disclosure of transactions in own shares from August 9 to August 10, 2007
- 08/09 Strong first half 2007 performance
- 08/09 2007 Half Year Earnings Presentation
- 08/09 Activity Report Half Year 2007
- 08/09 Financial Supplement
- 08/09 Half Year 2007 Earnings Press Presentation
- 08/09 AXA Financial "Financial Supplement"

## Your local AXA

AXA in Africa
AXA in Americas
AXA in Asia-Pacific
AXA in Europe
AXA in the Middle East

## Join AXA



The AXA Group Human Resources corner

## Regulated Information

Documents related to regulated information resulting from the European Transparency Directive, which went into effect on January 20, 2007

## AXA Retirement Scope



For three years now, the AXA Group has been carrying out a wide-ranging survey on retirement issues in the countries in which it is based. Focusing on sociological aspects, this survey aims to meet three goals: to understand the public's attitudes to retirement, to compare generally accepted ideas with the actual situation, and to offer an international vision

## Stock prices

**Paris** 08/24 17:29 €29.74 +0.1%

## Services

 Available RSS feeds

 All the site's main features on your PDA

 Podcasts

AXA Advisors is a client-focused financial services leader providing wealth protection strategies, asset management, and financial and estate planning to individuals and businesses through a strong family of brands.

▶ **Guiding Principles and Strengths**

- Customized strategies based on a client's needs and goals
- Professional advice
- A team-based approach with support available from networks of specialists
- Implementation flexibility and breadth of product and service choices
- Backing of a global company

▶ **Support Resources**

Financial professionals have access to local, regional and national support resources to help provide high-quality service to clients.

- Headquarters in New York, NY
- AXA Planning Center in Atlanta, GA
- Local and regional specialists in numerous financial services fields
- Operations Center in Charlotte, NC

▶ **Company Presence**

- AXA Advisors is a subsidiary of AXA Financial, Inc., the U.S. operations for AXA Group
- Local offices throughout the nation
- Over 6,000 financial professionals
- AXA Financial's family of brands also includes AXA Equitable, MONY Life Insurance Company, AllianceBernstein, and AXA Network

▶ **Parent Company — AXA Group**

- A worldwide financial services leader
- $1.73 trillion in assets under management, as of 12/31/06
- Operations in over 50 countries

# PRODUCT OPTIONS
## Partial List of Companies

Through AXA Advisors and affiliates, you have access to investment management services, mutual funds, and financial products from an abundant list of investment and insurance companies.

▶ **Investment Companies\***

| | |
|---|---|
| AIM | Goldman Sachs |
| AllianceBernstein | ING |
| American Funds | Janus Adviser |
| Calvert | MFS |
| Columbia | Nuveen |
| Credit Suisse | Oppenheimer |
| Eaton Vance | Pioneer |
| Fidelity Advisor | Putnam |
| Franklin Templeton | Van Kampen |

▶ **Insurance Companies\***

AIG/American General
AXA Equitable Life Insurance Company
Genworth Life Insurance Company
ING USA
John Hancock USA
Lincoln Life
Metropolitan Life/MetLife Investors
Pacific Life Insurance Company
Prudential Life Insurance Company
Sun Life Assurance Company of Canada
US Financial Life Insurance Company
West Coast Life

\*These fund family and insurance carrier listings are subject to change.

Variable life insurance, variable annuities and mutual funds are offered by prospectus through AXA Advisors, LLC (member NASD, SIPC), New York, NY 10104, a broker-dealer and investment advisor. The prospectus contains complete product details, including investment objectives, fees, expenses, sales charges and risks. Please read the prospectus and consider investment objectives, risks and charges carefully prior to investing. Please call 212-314-4600 for a prospectus. Product purchases are subject to additional fees and commissions.

© 2007 AXA Advisors, LLC. All rights reserved.

1290 Avenue of the Americas, New York, NY 10104, (212) 314-4600

**www.AXAonline.com**

GE-37560 (Rev. 4/07)                    Cat. #129651 (4/07)

G18171



# AXA ADVISORS
## At-A-Glance



**FINANCIAL PROTECTION**

— Be Life Confident —

# INVESTMENT
## Products & Services

▸ **Fixed-Income Investments**
- Mutual Funds (income-oriented)
- Unit Investment Trusts (income-oriented)
- Municipal and Government Bonds
- Money Markets
- Certificates of Deposit

▸ **Equity Investments**
- Mutual Funds (growth-oriented)
  - Large Cap Growth/Value Funds
  - Small/Mid Cap Growth/Value Funds
  - International Equity Funds
  - Asset Allocation Funds
  - Sector Funds
- Unit Investment Trusts (growth-oriented)
- Publicly Traded Stocks

▸ **Retirement/Education Planning**
- Traditional IRAs
- Roth IRAs
- SEP IRAs
- SIMPLE IRAs
- 401(k) Plans
- 403(b)(7) Plans (non-contributory)
- 403(b)(1) Plans
- Pension Plans
- Profit-Sharing Plans
- Keoghs
- Coverdell Education Savings Accounts
- 529 Plans

▸ **Investment Accounts** (Traditional Brokerage)
▸ **Managed Accounts** (Fee-Based)
▸ **Fee-Based Brokerage Account**

# RISK MANAGEMENT
## Products & Services

▸ **Life Insurance**
- Annual Renewable Term
- Level Term — 5, 10, 15, 20 and 30-Year
- Whole Life
- Universal Life
- Variable Universal Life
- Survivorship Variable Universal Life
- Survivorship Universal Life

▸ **Annuities**
- Fixed (single flexible & immediate)
- Variable Annuities (immediate & flexible payment)
- Group Annuities (qualified retirement plans)
- Equity Indexed Annuities

▸ **Disability & Long-Term Care Planning**
- Individual Disability Income
- Group Long-Term & Short-Term Disability
- Business Overhead Expense
- Disability Buyout Protection
- Individual & Group Long-Term Care

▸ **Health Insurance**
- PPO
- Indemnity Plans
- Individual & Group Medical Plans
- HSA
- Medigap

▸ **Business Planning**
- Executive Bonus Plans
- Business Continuation Plans
- Key Person Plans
- Split Dollar Plans
- Group Carve Out Plans
- Salary Continuation
- Deferred Compensation Plans
- Executive Planning Services
- Buy-Sell Agreements

# FINANCIAL PLANNING

AXA Advisors strives to provide the highest level of planning services available by helping you identify and prioritize your goals, offering strategic advice specific to your needs, and implementing the strategies that work best for you.

▸ **Planning Process**
- **Discovery** of Your Situation
- **Profile** of Your Priorities
- **Strategy** Creation

▸ **Implementation Process**
- **Implementation** of Your Strategy
- **Review** of the Plan

**You can receive planning strategies for:**



- ASSET ALLOCATION
- RETIREMENT PLANNING
- EDUCATION FUNDING
- SURVIVORSHIP PLANNING
- DISABILITY INCOME ANALYSIS
- ESTATE PLANNING
- RETIREMENT DISTRIBUTION PLANNING
- BUSINESS PLANNING



**AXA**
FINANCIAL
PROTECTION

Life insurance and annuities are issued by AXA Equitable Life Insurance Company (New York, NY) and by various unaffiliated carriers through AXA Network, LLC and its subsidiaries. Disability insurance, long-term care insurance, and health insurance are underwritten by unaffiliated carriers and are offered through AXA Network and its subsidiaries. AXA Network, AXA Advisors and AXA Equitable are affiliated companies and do not provide tax or legal advice.

# Exhibit B



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,337,424 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.


REGISTERED FOR A TERM OF *10* YEARS FROM   *April 04, 2000*
SECTION 8 PARTIAL & 15
LESS GOODS
CLASS(ES) CANCELLED:
   *INT CL 035 & 042*


SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LLC*


By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BORNETT

Certifying Officer

Int. Cls.: 35, 36, 38, 41 and 42

Prior U.S. Cls.: 100, 101, 102, 104 and 107

**United States Patent and Trademark Office**

Reg. No. 2,337,424

Registered Apr. 4, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

## AXA INVESTMENT MANAGERS

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: ~~ADVERTISING AGENCY SERVICES, COMMERCIAL AND INDUSTRIAL MANAGEMENT ASSISTANCE AND BUSINESS MANAGEMENT CONSULTATION~~, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FOR: FINANCIAL ANALYSIS AND CONSULTATION; FINANCIAL MANAGEMENT; FINANCIAL PLANNING; FINANCIAL PORTFOLIO MANAGEMENT; FINANCIAL RESEARCH; PROVIDING FINANCIAL INFORMATION; ~~FINANCIAL VALUATION OF PERSONAL PROPERTY AND REAL ESTATE~~; WEALTH AND ASSET MANAGEMENT; AND ADMINISTRATION AND MANAGEMENT OF ASSETS ON BEHALF OF INSURANCE COMPANIES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FOR: TELECOMMUNICATION SERVICES, NAMELY, DELIVERY OF MESSAGES BY ELECTRONIC TRANSMISSION, ELECTRONIC TRANSMISSION OF MESSAGES AND DATA, ~~THE RECORDING, STORAGE AND SUBSEQUENT TRANSMISSION OF VOICE MESSAGES BY TELEPHONE, TELEPHONE COMMUNICATION SERVICES, AND ELECTRONIC MAIL~~, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FOR: PUBLICATION OF NEWS LETTERS OF INFORMATION AND DOCUMENTS IN THE FIELDS OF INVESTMENTS AND BUSINESS MANAGEMENT; ~~ORGANIZING AND LEADING SEMINARS AND CONFERENCES IN THE FIELD OF INVESTMENTS AND BUSINESS MANAGEMENT~~, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FOR: ~~RENTAL OF ACCESS TIME AT A DATABASE SERVER CENTER~~, IN CLASS 42 (U.S. CLS. 100 AND 101).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ERPN CMNTY TM OFC APPLICATION NO. 721928, FILED 12-26-1997, REG. NO. 721928, DATED 4-8-1999, EXPIRES 12-26-2007.

OWNER OF U.S. REG. NOS. 1,679,597 AND 2,072,157.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INVESTMENT MANAGERS", APART FROM THE MARK AS SHOWN.

SER. NO. 75-508,844, FILED 6-25-1998.

MICHAEL ENGEL, EXAMINING ATTORNEY



# UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE CHIEF INFORMATION OFFICER

August 16, 2007

STAAS & HALSEY
1201 NEW YORK AVE. NW
7TH FLOOR
WASHINGTON,DC 20005

This is to inform you that the document requested in your order dated 08-14-2007 is a true reproduction of the
official office record copy of that document:

      02416704     CERTIFIED TM TITLE & STAT-EXPEDITE-MAIL    I

☐  The enclosed office document is a reproduction from the official office record copy and has been recorded using
high quality scanning or microfilm equipment. Copies of page/papers that were not scannable have not been
included, nor have pages/papers received after the original filing date. Copies of these pages/papers may be
ordered separately.

☑  The enclosed document is a reproduction of the best available source of the official office record copy of that
document.

If you have any questions or need additional information, please contact our Customer Service Department.

*Mailing Address:*

Mail Stop Document Services,
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

*Delivery Address:*

U.S. Patent and Trademark Office
Office of Public Records, Customer Service
2900 Crystal Drive, Room 2C14
Arlington, VA 22202

Order your copies of USPTO documents on the Web. It's fast, easy, and secure! Go to
(http://ebiz1.uspto.gov/oems25p/index.html) and order today!

Voice: (571) 272-3150    Fax: (571) 273-3250    E-Mail: DSD@USPTO.GOV
Ref:EB 7082585



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,679,597* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *March 17, 1992*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *March 17, 2002*
*SECTION 8 PARTIAL & 15*
*LESS GOODS*
CLASS(ES) CANCELLED:
  *INT. CL 035*

SAID RECORDS SHOW TITLE TO BE IN:
  *AXA*
  *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. K. CARTER

Certifying Officer

Int. Cls.: 35 and 36

Prior U.S. Cls.: 101 and 102

## United States Patent and Trademark Office

Reg. No. 1,679,597

Registered Mar. 17, 1992

### SERVICE MARK
### PRINCIPAL REGISTER

## AXA

FINAXA (FRANCE CORPORATION)
21,23 AVENUE MATIGNON
75008 PARIS, FRANCE , BY ASSIGNMENT
AND CHANGE OF NAME FROM DROUOT
ASSURANCES (FRANCE CORPORATION)
75425 PARIS CEDEX 09, FRANCE

FOR: ADVERTISING AGENCY SERVICES, NAMELY, THE PREPARATION AND PLACE-MENT OF NEWSPAPER, MAGAZINE, RADIO, MOVIE AND TELEVISION ADVERTISE-MENTS, AND BUSINESS MANAGEMENT AS-SISTANCE AND CONSULTING SERVICES RENDERED TO FIRMS AND COMPANIES, IN CLASS 35 (U.S. CL. 101).

FOR: ACTUARIAL SERVICES; CREDIT AGENCY SERVICES; CAPITAL INVESTMENT CONSULTING SERVICES; TRAVELLERS CHECK ISSUANCE SERVICES; DEBT RECOV-ERY AND COLLECTION AGENCY SERVICES; SAVINGS BANK SERVICES; FINANCIAL VALUATION OF PERSONAL PROPERTY AND REAL ESTATE; FINANCIAL ANALYSIS AND CONSULTING SERVICES; HOUSING AGENCY SERVICES; REAL ESTATE AGENCY, REAL ESTATE APPRAISAL, AND REAL ESTATE MANAGEMENT SERVICES; MULTI-LINE IN-SURANCE UNDERWRITING SERVICES; NAMELY, PROVIDING ACCIDENT, CASUAL-TY, CREDIT, FIRE, PERSONAL LIABILITY, LIFE, MARITAL, NATAL, MARINE, PROPER-TY, UNIVERSAL, PREPAID LEGAL, PREPAID FUNERAL EXPENSE, AND TRIP CANCELLA-TION INSURANCE, IN CLASS 36 (U.S. CLS. 101 AND 102).

OWNER OF FRANCE REG. NO. 1282650, DATED 8-7-1984, EXPIRES 8-7-1994.

OWNER OF FRANCE REG. NO. 1270658, DATED 1-10-1984, EXPIRES 1-10-1994.

SER. NO. 73-723,449, FILED 4-20-1988.

ANTHONY LUPO, EXAMINING ATTORNEY



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,072,157 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *June 17, 1997*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *June 17, 2007*
SECTION 8 & 15
LESS GOODS
SAID RECORDS SHOW TITLE TO BE IN:
    *AXA*
    *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. K. CARTER

Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,072,157
Registered June 17, 1997

## SERVICE MARK
## PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: INSURANCE SERVICES, NAMELY ~~FIRE INSURANCE UNDERWRITING, ACCIDENT INSURANCE UNDERWRITING, REINSURANCE UNDERWRITING~~; INSURANCE BROKERAGE, ~~ADMINISTRATION OF PROVIDENT FUNDS~~; FINANCIAL PLANNING; INVESTMENT ADVICE; FISCAL ASSESSMENT EVALUATION; FINANCING SERVICES; CAPITAL INVESTMENT CONSULTATION; FINANCIAL SERVICES IN THE NATURE OF AN INVESTMENT SECURITY; ~~FINANCIAL EXCHANGE~~, FINANCIAL RESEARCH; ~~MONE~~

~~TARY EXCHANGE; ISSUING OF TRAVELLER'S CHEQUES AND LETTERS OF CREDIT; MANAGEMENT OF REAL ESTATE; REAL ESTATE ESTIMATION AND VALUATION SERVICES; REAL ESTATE PROPERTY MANAGEMENT SERVICES; REAL ESTATE AGENCY SERVICES; RENTAL OF RESIDENTIAL REAL ESTATE, AND RECOVERY OF RENTAL HOUSING~~, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-24-1987; IN COMMERCE 4-24-1987.

SN 74-557,689, FILED 8-5-1994.

JEFFREY R. COHEN, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,416,704 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *January 02, 2001*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LLC*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BORNETT
Certifying Officer



Int. Cls.: 35 and 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,416,704

## United States Patent and Trademark Office

Registered Jan. 2, 2001

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: BUSINESS MANAGEMENT, BUSINESS MANAGEMENT PLANNING AND CONSULTATION SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FOR: PERSONAL, FIRE, ACCIDENT AND LIFE INSURANCE UNDERWRITING SERVICES; REINSURANCE UNDERWRITING FOR PERSONAL, LIFE, FIRE, ACCIDENT, PROPERTY AND CASUALTY INSURANCE; INSURANCE BROKERAGE; PROVIDENT FUNDS INVESTMENT SERVICES; REINSURANCE UNDERWRITING OF FINANCIAL PRODUCTS, NAMELY FINANCIAL GUARANTEE, CREDIT, SAFE-

TY AND MORTGAGE; FINANCIAL INVESTMENT IN THE FIELD OF REAL ESTATE AND SECURITIES; FINANCIAL VALUATION OF PERSONAL PROPERTY AND REAL PROPERTY, CONSULTATION IN THE FIELD OF FINANCIAL INVESTMENT, FINANCIAL ANALYSES; PORTFOLIO MANAGEMENT SERVICES; BUSINESS FINANCING SERVICES; CAPITAL INVESTMENT CONSULTATION SERVICES; FINANCIAL EXCHANGE; DEBT RECOVERY SERVICES, MANAGEMENT OF REAL ESTATE; REAL ESTATE ESTIMATION AND VALUATION SERVICES; CONSULTATIONS IN THE FIELD OF REAL ESTATE AFFAIRS, REAL ESTATE INVESTMENT SERVICES, REAL ESTATE MANAGEMENT SERVICES, REAL ESTATE AGENCY SERVICES, REAL ESTATE RENTING, AND RENTALS RECOVERY SERVICES NAME-

2,416,704

LY REMINDER SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

PRIORITY CLAIMED UNDER SEC. 44(D) ON ERPN CMNTY TM OFC APPLICATION NO. 373894, FILED 8–28–1996, REG. NO. 373894, DATED 7–29–1998, EXPIRES 7–29–2008.

THE MARK IS LINED FOR THE COLORS BLUE AND RED AND THE COLORS ARE A FEATURE OF THE MARK.

SER. NO. 75–222,725, FILED 1–8–1997.

LESLEY LAMOTHE, EXAMINING ATTORNEY



1653392

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 28, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,118,193* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *December 02, 1997*
SECTION 8 PARTIAL & 15
LESS GOODS
CLASS(ES) CANCELLED:
  *INT CL 009; 016; 041 AND 042*

SAID RECORDS SHOW TITLE TO BE IN:
  *AXA*
  *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer

Int. Cls.: 9, 16, 38, 41, and 42

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104, and 107

**United States Patent and Trademark Office**

Reg. No. 2,118,193

Registered Dec. 2, 1997

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## AXA

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: ~~DATA PROCESSORS, COMPUTERS, COMPUTER MEMORIES, COMPUTER PROGRAM AND COMPUTER SOFTWARE FOR USE IN THE INSURANCE FIELD FOR MANAGING INSURANCE CONTRACTS AND TRANSMITTING DOCUMENTS IN REAL-TIME, HARDWARE,~~ IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

FOR: ~~COMPUTER PAPER AND INSTRUCTION MANUALS FOR USE IN THE INSURANCE INDUSTRY,~~ IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

FOR: ELECTRONIC TRANSMISSION OF INSURANCE RELATED DATA AND DOCUMENTS VIA COMPUTER TERMINALS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

FOR: ~~TRAINING IN THE USE AND OPERATION OF COMPUTERS AND DATA PROCESSORS FOR PERSONS IN THE INSURANCE INDUSTRY,~~ IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

FOR: ~~COMPUTER CONSULTING AND COMPUTER SOFTWARE DESIGN FOR OTHERS IN THE INSURANCE INDUSTRY,~~ IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-1-1994; IN COMMERCE 5-1-1994.

SN 74–513,494, FILED 4–18–1994.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY



1653392

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 28, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,693,952* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *March 04, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



L. EDELEN
Certifying Officer



Int. Cl.: 38

Prior U.S. Cls.: 100, 101, and 104

**United States Patent and Trademark Office**

Reg. No. 2,693,952
Registered Mar. 4, 2003

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)
23 RUE MATIGNON
75008 PARIS, FRANCE

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, PROVIDING COMMUNICATION CONNECTIONS FOR THE TRANSMISSION OF VOICE, VIDEO AND DATA BY LINKING USERS VIA ELECTRONIC MAIL AND A GLOBAL COMPUTER NETWORK; PROVIDING TELECOMMUNICATIONS CONNECTIONS TO A GLOBAL COMPUTER NETWORK; AND PROVIDING ELECTRIC TRANS-

MISSION OF MULTIMEDIA VIA A GLOBAL COMPUTER INFORMATION NETWORK, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 6-11-1996; IN COMMERCE 6-11-1996.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704, AND OTHERS.

SN 76-208,747, FILED 2-12-2001.

MARLENE BELL, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**August 16, 2007**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,522,000* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 25, 2001*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LLC*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BORNETT

Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,522,000
Registered Dec. 25, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

## AXA FINANCIAL

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: INSURANCE SERVICES, NAMELY UN-
DERWRITING OF INSURANCE, AND BROKER-
AGE AND DEALER SERVICES IN THE FIELD OF
INSURANCE; FINANCIAL SERVICES, NAMELY
PROVIDING FINANCIAL ADVICE FOR OTHERS,
ASSETS MANAGEMENT, INVESTMENT MANAGE-
MENT SERVICES, AND BROKERAGE AND DEAL-
ER SERVICES IN THE FIELD OF FINANCIAL AND
ASSETS PRODUCTS, IN CLASS 36 (U.S. CLS. 100, 101
AND 102).

FIRST USE 9-7-1999; IN COMMERCE 9-7-1999.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FINANCIAL", APART FROM
THE MARK AS SHOWN.

SER. NO. 76-063,570, FILED 5-23-2000.

GIANCARLO CASTRO, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,546,263* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *March 12, 2002*

SAID RECORDS SHOW TITLE TO BE IN:
  *AXA*
  *A FRANCE LLC*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E. BORNETT

Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,546,263

**United States Patent and Trademark Office**     Registered Mar. 12, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## AXA ADVISORS

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

   FOR: FINANCIAL SERVICES, NAMELY INVEST-MENT ADVISORY, FINANCIAL PLANNING, AS-SETS MANAGEMENT, AND BROKERAGE AND DEALER SERVICES IN THE FIELD OF FINANCIAL AND ASSETS PRODUCTS; INSURANCE SERVICES, NAMELY BROKERAGE AND DEALER SERVICES IN THE FIELD OF INSURANCE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-21-1999; IN COMMERCE 9-21-1999.

   OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704 AND OTHERS.

   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ADVISORS", APART FROM THE MARK AS SHOWN.

   SER. NO. 76-063,557, FILED 5-23-2000.

MARLENE BELL, EXAMINING ATTORNEY



7062585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,546,262* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *March 12, 2002*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LLC*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

E.  BORNETT
Certifying Officer



Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,546,262

Registered Mar. 12, 2002

**SERVICE MARK**
**PRINCIPAL REGISTER**

# ⁄AXA ADVISORS

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: FINANCIAL SERVICES, NAMELY FINAN-
CIAL ADVISORY, FINANCIAL PLANNING, AS-
SETS MANAGEMENT, AND BROKERAGE AND
DEALER SERVICES IN THE FIELD OF FINANCIAL
AND ASSETS PRODUCTS; INSURANCE SERVICES,
NAMELY BROKERAGE AND DEALER SERVICES
IN THE FIELD OF INSURANCE, IN CLASS 36 (U.S.
CLS. 100, 101 AND 102).

FIRST USE 9-21-1999; IN COMMERCE 9-21-1999.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ADVISORS", APART FROM THE
MARK AS SHOWN.

SER. NO. 76-063,556, FILED 5-23-2000.

MARLENE BELL, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

August 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,691,402* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *February 25, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
*AXA*
*A LIMITED LIABILITY COMPANY OF FRANCE*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 36

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,691,402
Registered Feb. 25, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

## AXA NETWORK

FINAXA (FRANCE CORPORATION)
23, AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: FINANCIAL INVESTMENT SERVICES, NAMELY PROVIDING FINANCIAL ADVICE FOR OTHERS; INSURANCE SERVICES, NAMELY BROKERAGE, DEALER AND AGENCY SERVICES IN THE FIELD OF INSURANCE , IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-15-2000; IN COMMERCE 3-15-2000.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NETWORK", APART FROM THE MARK AS SHOWN.

SN 76-063,569, FILED 5-23-2000.

MARLENE BELL, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,837,673* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *May 04, 2004*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



M. K.  CARTER

Certifying Officer

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,837,673
Registered May 4, 2004

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)
33 AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: FINANCIAL SERVICES, NAMELY FINAN-CIAL CONSULTANCY, AND ASSET MANAGE-MENT, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-18-2000; IN COMMERCE 12-18-2000.

PRIORITY CLAIMED UNDER SEC. 44(D) ON FRANCE APPLICATION NO. 013088454, FILED 3-

13-2001, REG. NO. 013088454, DATED 3-13-2001, EX-PIRES 3-13-2010.

OWNER OF U.S. REG. NOS. 1,679,597, 2,546,263 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRIVATE EQUITY", APART FROM THE MARK AS SHOWN.

SER. NO. 76-311,320, FILED 9-12-2001.

MARLENE BELL, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,942,802* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *April 19, 2005*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



M. K. CARTER

Certifying Officer

Int. Cl.: 38

Prior U.S. Cls.: 100, 101, and 104

## United States Patent and Trademark Office

Reg. No. 2,942,802
Registered Apr. 19, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)

33 AVENUE MATIGNON

75008 PARIS, FRANCE

FOR: TELECOMMUNICATIONS SERVICES, NAMELY PROVIDING TELECOMMUNICATIONS CONNECTIONS TO A GLOBAL COMPUTER NETWORK AND PROVIDING AN ONLINE LINK VIA ELECTRONIC MAIL TO FINANCIAL INFORMATION , IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 4-20-2001; IN COMMERCE 4-20-2001.

PRIORITY CLAIMED UNDER SEC. 44(D) ON FRANCE APPLICATION NO. 013088454, FILED 3-13-2001, REG. NO. 013088454, EXPIRES 3-13-2010.

OWNER OF U.S. REG. NOS. 1,679,597, 2,546,263, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRIVATE EQUITY", APART FROM THE MARK AS SHOWN.

SN 76-975,673, FILED 9-12-2001.

MARLENE BELL, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 16, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,511,513* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *November 27, 2001*

SAID RECORDS SHOW TITLE TO BE IN:
  *AXA*
  *A FRANCE LIMITED LIABILITY COMPANY*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



M. K. CARTER

Certifying Officer



Int. Cls.: 35, 36, 37, 38, 39 and 42

Prior U.S. Cls.: 100, 101, 102, 103, 104, 105 and 106

**United States Patent and Trademark Office**

Reg. No. 2,511,513
Registered Nov. 27, 2001

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA, S.A. (FRANCE CORPORATION)

23 AVENUE MATIGNON

75008 PARIS, FRANCE

FOR: BUSINESS CONSULTING SERVICES; BUSINESS INFORMATION SERVICES IN THE NATURE OF ASSISTANCE CONTRACTS; BUSINESS MANAGEMENT; BUSINESS ADMINISTRATION; COMPUTERIZED FILE MANAGEMENT; PERSONAL ERRAND AGENCY SERVICES FOR SUPERVISING AND TRANSPORTING CHILDREN; EMPLOYEE RELOCATION AND INFORMATION; TELEPHONE ANSWERING SERVICE; ALL WITHIN THE FRAMEWORK OF ASSISTANCE CONTRACTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FOR: INSURANCE SERVICES NAMELY UNDERWRITING SERVICES IN THE FIELD OF INSURANCE AND REINSURANCE OF PERSONS, FIRE, ACCIDENT AND MISCELLANEOUS RISKS INSURANCE; FINANCIAL PLANNING AND FINANCIAL PORTFOLIO MANAGEMENT; FINANCIAL ASSISTANCE SERVICES IN THE NATURE OF REIMBURSEMENT OF MEDICAL AND HEALTH EXPENSES, REIMBURSEMENT OF EXPENSES INCURRED BY THE HOLDERS OF ASSISTANCE CONTRACTS DURING TRIPS AND TRAVEL, ASSISTANCE SERVICES RELATING TO CREDIT OPERATIONS; REIMBURSEMENTS OF FUNDS FOR AMBULANCE SERVICES AND EMERGENCY TRAVEL EXPENSES, REIMBURSEMENT FOR TRAVELER'S CHECKS EXPENSE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FOR: ASSISTANCE SERVICE IN THE NATURE OF VEHICLE REPAIRS; ASSISTANCE SERVICES IN THE NATURE OF CLEANING AND MAINTENANCE OF COMMERCIAL BUILDINGS, RESIDENCES, AND THEIR PREMISES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FOR: ELECTRONIC MAIL SERVICES; HOME AND OFFICE INFORMATION SERVICES BY ALL MEANS AND CARRIERS; COMMUNICATIONS SERVICES, NAMELY, PROVIDING TELECOMMUNICATIONS SERVICES, NAMELY, PROVIDING TELECOMMUNICATIONS CONNECTIONS TO A GLOBAL COMPUTER COMMUNICATIONS NETWORK AND ELECTRONIC TRANSMISSION OF MESSAGES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FOR: ASSISTANCE TO DRIVERS AND TRAVELERS DURING TRIPS AND TRAVEL, REPATRIATION AND TRANSPORT SERVICES FOR DRIVERS AND TRAVELERS IN CASE OF ACCIDENTS OR ILLNESS, BREAKDOWN SERVICES OR REPATRIATION OF VEHICLES, SENDING OF SPARE PARTS; RENTAL OF VEHICLES; MANAGEMENT ASSISTANCE SERVICES IN THE NATURE OF DISSEMINATING TRAVEL INFORMATION; MEDICINE DELIVERY; MESSAGES SERVICES, TAXI TRANSPORT SERVICES AND AMBULANCE TRANSPORT, IN CLASS 39 (U.S. CLS. 100 AND 105).

FOR: TRAVEL AGENCY SERVICES, NAMELY, MAKING RESERVATIONS AND BOOKING FOR TEMPORARY LODGING, HOTELS, HOTELS, RESTAURANTS, TOURS, SHOWS AND OTHER ENTER-

TAINMENT EVENTS; MANAGEMENT ASSIS-
TANCE SERVICES IN THE NATURE OF HOME
HEALTH CARE SERVICES, PET CARE, CHILD
CARE; NURSING SERVICES; MANAGEMENT AS-
SISTANCE SERVICES IN THE NATURE OF PROVI-
SION OF PERSON FOR SCHOOL COACHING,
VOCATIONAL GUIDANCE TO EDUCATION; MAN-
AGEMENT ASSISTANCE SERVICES IN THE NAT-
URE OF HELP WITH MOVING; MAKING
RESERVATIONS AND BOOKINGS FOR HOSPITAL
STAYS; LEGAL SERVICES; PROVISION OF HOME
ASSISTANCE PERSONNEL AND DOMESTIC HELP;
SECURITY GUARD SERVICES, IN CLASS 42 (U.S.
CLS. 100 AND 101).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 99/783489, FILED 3-29-
1999, REG. NO. 99783489, DATED 3-29-1999, EXPIRES
3-29-2009.

OWNER OF U.S. REG. NOS. 1,679,597, 2,072,157,
AND 2,118,193.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ASSISTANCE", APART FROM
THE MARK AS SHOWN.

SER. NO. 75-743,659, FILED 7-6-1999.

MARLENE BELL, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,871,993* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *August 10, 2004*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A LIMITED LIABILITY COMPANY OF FRANCE*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cls.: 35 and 36

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,871,993
Registered Aug. 10, 2004

### SERVICE MARK
### PRINCIPAL REGISTER



FINAXA S.A. (FRANCE CORPORATION)
23 AVENUE MATIGNON
75008 PARIS, FRANCE

FOR: BUSINESS MANAGEMENT AND CONSULTING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-19-2003; IN COMMERCE 12-19-2003.

FOR: FINANCIAL MANAGEMENT AND CONSULTING SERVICES; INSURANCE UNDERWRITING AND BROKERAGE IN THE FIELDS OF MISCELLANEOUS RISK, LARGE RISK, LIFE INSURANCE, HEALTH INSURANCE, AND REINSURANCE; FINANCIAL REINSURANCE; GENERAL INVESTMENT BROKERAGE SERVICES; FINANCIAL MANAGEMENT; FINANCIAL ANALYSIS AND CONSULTATION SERVICES; ESTIMATES AND FINANCIAL VALUATIONS; INVESTMENT

AND FINANCIAL INFORMATION, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-19-2003; IN COMMERCE 12-19-2003.

PRIORITY CLAIMED UNDER SEC. 44(D) ON FRANCE APPLICATION NO. 99817527, FILED 10-14-1999, REG. NO. 99817527, EXPIRES 10-14-2009.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CORPORATE SOLUTIONS", APART FROM THE MARK AS SHOWN.

SN 76-025,508, FILED 4-13-2000.

JOSETTE BEVERLY, EXAMINING ATTORNEY



7082585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

August 17, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,987,693 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *August 23, 2005*

SAID RECORDS SHOW TITLE TO BE IN:
   *AXA*
   *A LIMITED LIABILITY COMPANY OF FRANCE*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



P. SWAIN
Certifying Officer

Int. Cls.: 35, 36, and 38

Prior U.S. Cls.: 100, 101, 102, and 104

## United States Patent and Trademark Office

Reg. No. 2,987,693
Registered Aug. 23, 2005

## SERVICE MARK
### PRINCIPAL REGISTER



FINAXA (FRANCE CORPORATION)
23 RUE MATIGNON
75008 PARIS, FRANCE

FOR: BUSINESS MANAGEMENT, BUSINESS MANAGEMENT PLANNING AND CONSULTATION SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-22-2003; IN COMMERCE 10-22-2003.

FOR: INSURANCE, NAMELY FIRE AND ACCIDENT, UNDERWRITING ALL RISKS INSURANCE, REINSURANCE UNDERWRITING, AND INSURANCE UNDERWRITING, AND INSURANCE BROKERAGE; AND FINANCIAL SERVICES IN THE NATURE OF FINANCIAL EVALUATIONS AND APPRAISALS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-22-2003; IN COMMERCE 10-22-2003.

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, PROVIDING COMMUNICATION CONNECTIONS FOR THE TRANSMISSION OF VOICE, VIDEO AND DATA BY LINKING USERS VIA ELECTRONIC MAIL AND A GLOBAL COMPUTER NETWORK; PROVIDING TELECOMMUNICATIONS CONNECTIONS TO A GLOBAL COMPUTER NETWORK; AND PROVIDING ELECTRONIC TRANSMISSION OF MULTIMEDIA VIA A GLOBAL COMPUTER INFORMATION NETWORK, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 10-22-2003; IN COMMERCE 10-22-2003.

OWNER OF U.S. REG. NOS. 1,679,597, 2,416,704, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ART", APART FROM THE MARK AS SHOWN.

SN 76-244,598, FILED 4-23-2001.

MARLENE BELL, EXAMINING ATTORNEY

Exhibit 1

# THE JOURNAL RECORD

General News

## BOK Investment Advisors targets institutional sector: Adopts new name to open doors to huge capital market

June 22, 2006

TULSA – BOK Financial has rebranded subsidiary BOK Investment Advisors to help it carve out a bigger national share of institutional investors.

"We've got a really good story to tell," said Douglas K. Scott, senior vice president and director of fund administration and marketing. "When you can create more consistent returns with less portfolio risk, we believe you have a story that will be appreciated by institutional investors as well as individual investors."

On Monday, BOK will unveil Axia Investment Management – a name crafted to help open the doors to trillions of dollars in investment capital. Scott said a limited marketing campaign will launch the repackaged subsidiary, with a beefed-up staff to cull the institutional sector.

In September, Axia will enhance that by opening an office in New Jersey, outside the BOK Financial footprint.

M. Jake Dollarhide, chief executive of Longbow Asset Management Co. of Tulsa, suspects Axia will do quite well.

"BOK has grown very consistently through the years," he said of the company's "hub and spoke" expansion through contiguous states. "It's turned them into quite a powerhouse."

Dollarhide suggested adopting the Axia brand could give BOK a chance to reach customers seeking an investment firm with all the appearances of a Wall Street pedigree.

"In every state, there's the top 1 percent highest-net-worth customers," he said, noting many forsake their native financial institutions for national investment firms. "And BOK wants to track those customers. BOK wants to make sure they can protect that turf."

Scott helped choose the BOK subsidiary's new name with fellow executives J. Brian Henderson and Jean-Claude Gruet, plus the Columbus, Ohio-based marketing firm Be Creative. He said they drew Axia from the Greek language.

"It translates as 'value,'" he said.

Delivering and capitalizing on that message of "value" lies at the heart of this change. As Scott noted, many investment advisers measure a fund's performance by asset growth – an area where Axia's 13 funds have enjoyed strong success. But he pointed to consistency of returns as a higher standard.

A recent study of 7,237 mutual funds by the analysis firm Kanon Bloch Carre identified 119 that ranked in the top 25 percent of KBC's overall performance index (OPI) in every quarter for 23 consecutive quarters through 2005. Two of those "All-Stars" – the American Performance Short-term Income Fund and the American Performance Bond Fund – are managed by 16-year-old BOK Investment Advisors.

"With so few managers able to demonstrate consistent results, it is helpful to know what characterizes those funds that have managed to achieve this distinction," KBC wrote in its report. "One dominant trait exhibited by many of the OPI All-Stars was their below-average risk profile.

"KBC's OPI ranking system emphasizes downside risk as measured by Semi Variance," the report said. "By providing significant downside protection these fund managers were able to hold on to most of their bull market gains. Those with the largest bull market gains, gave them back and then some, often resulting in average rankings at best."

That report backed up what BOK's own studies indicated. But while KBC researched returns for nearly six years, in its own studies BOK examined composites of its funds for 10 years. That identified even

Case 1:07-cv-08293-LAP   Document 4-3   Filed 10/26/2007   Page 20 of 20

better returns, with BOK consistently sharing in the market's upswing while evading downturns.
"When the markets are up, we participate pretty good," Scott said. "There are some funds that perform better than us, but we're pretty good. But when the market is out and down, we don't participate at all. There aren't many folks that avoid the downside as we do."

To capitalize on that record, Axia has spent the last seven months reaching compliance with the Global Investment Performance Standard, as administered by the Chartered Financial Analysts Institute. Under GIPS, Axia's managed mutual funds will undergo quarterly audits, with the results posted on several industry databases sifted by institutional investors.

In that way, Axia's success will market itself.

The two funds touted by Kanon Bloch Carre primarily serve investors and clients of Axia. The bond fund has assets of $53 million, which when considering its composite grows to $435 million. The short-term income fund has assets of $300 million, which in composite form extends to $322 million.

After hiring eight staff members over the last 18 months, the 26-employee BOK subsidiary plans to add at least four more over the next year. It could rise much higher, depending on how successful Axia does at landing institutional accounts.

"We want the market to be aware that we think we're pretty good, too," Scott said. "We think there are some people who may want to hear our story out there."

Copyright © 2007 The Journal Record All Rights Reserved
101 N. Robinson Ave., Ste. 101, Oklahoma City, OK, 73102 |
P.O. Box 26370, Oklahoma City, OK, 73126-0370 | (405) 235-3100
415 S. Boston Ave., Ste. 101, Tulsa, OK 74103 | (918) 295-0098

# Exhibit C

# AXIA
INVESTMENT MANAGEMENT

**Home**

**About Us**

**Investment
Strategies**

**Our Team**

**AP Fund
Family**

**Client Services**

**Legal
Disclosure**

**Contact Us**

## About Us

Welcome and thank you for visiting our website.

### Who We Are

AXIA Investment Management, Inc. is a Registered Investment Adviser that offers equity, fixed-income and cash management strategies to taxable and tax-exempt institutional and individual clients throughout the United States. As of March 31, 2007, our firm managed $6.4 billion in assets. We also provide research, trading and investment recommendations for another $2.9 billion of institutional and individual equity and fixed-income assets managed independently by BOK Financial Corporation (BOKF) and its subsidiaries.

### What AXIA Means To Us

The word "AXIA" translates from Greek to mean "value, value-added, worth, worthiness". "AXIA" describes our core purpose in being. In an industry where so little true value is provided to investors, we are proud to have our name reflect our core belief that, above all, an investment management firm should always "add value" for its investors.

### Our Mission: Delivering Measurable Value

AXIA Investment Management's mission is to deliver "value" to our clients. We recognize that "value" can mean different things to different investors. We define "value" two ways. First, we recognize that tax-exempt and taxable investors have different investment objectives and performance horizons. Accordingly, we design and manage investment strategies that are customized to meet the unique investment and risk objectives of both groups. AXIA defines "value" as providing excess investment returns (alpha), net of all fees, versus our strategy benchmarks over an investment horizon relevant for our tax-exempt and taxable clients.

### Separately Managed Accounts and Mutual Funds

Our equity, fixed-income and cash management strategies are available as a separately managed account and/or as a mutual fund (with institutional or investor class no-load shares). We've made every effort to keep our investment management fees and fund expense ratios competitive in order to ensure that we are able to generate significant excess return (net of fees) versus our benchmarks for our clients.

### Strategies For Taxable Investors

AXIA has developed investment strategies tailored for taxable clients that seek to outperform their benchmarks after all management and tax costs. Capital gain taxes are the single largest cost incurred by taxable investors (averaging 2% annually for most equity strategies), well exceeding investment management and transaction fees. To overcome the adverse effect of capital gain taxes on long-term investment returns, AXIA manages taxable portfolios "tax-efficiently".

Our disciplined "tax-efficient" investment philosophy and process seeks to invest in high-quality, growth-oriented companies possessing superior and sustainable competitive features, incorporated in a low portfolio turnover, active "tax loss" harvesting and long investment horizon process. Our tax-efficient equity investment strategies seek to outperform their benchmarks, net of all fees, over rolling three-to-five year periods.

AXIA's taxable investment products are designed to outperform their market benchmarks consistently over time. These products are designed specifically for tax-exempt institutions and individuals and seek to generate high alphas, information ratios and batting averages. Our disciplined equity process utilizes industry-specific short-term alpha generating models that require higher portfolio turnover. Our taxable investment strategies seek to outperform their benchmarks, net of all fees, every month.

A Team Approach Towards Investing

AXIA employs a team-approach to execute all of its investment strategies. AXIA's investment teams consist of experienced investment professionals that work in a research-oriented environment that encourages the contribution of new alpha-generating ideas to our investment processes. We continually strive to evolve our strategies to add value and remain competitive.

AXIA has a long history of employing consistent and well-defined investment philosophies and processes that exploit market inefficiencies, providing us the opportunity to "deliver value" to our taxable and tax-exempt clients.

AXIA Investment Management SM.  All rights reserved.  800-958-AXIA (2942)

# Exhibit D

STAAS  HALSEY LLP

*Intellectual Property Attorneys*
1201 New York Avenue, N.W.
7th Floor
Washington, D.C. 20005

Tel 202.434.1500
Fax 202.434.1501
http://www.staasandhalsey.com

*Partners*

Harry John Staas
David M. Pitcher
John C. Garvey
J. Randall Beckers
William F. Herbert
Richard A. Gollhofer
Mark J. Henry
Paul I. Kravetz
Gene M. Garner II

*Senior Advisor*

James D. Halsey, Jr.

*Associates*

Stephen T. Boughner*
Mehdi Sheikerz
Michael J. Badagliacca*
Darleen J. Stockley*
Paul W. Bobowiec
Temnit Afework
Michael E. Kondoudis*
Deidre M. Davis*
Reginald D. Lucas
Paul F. Daebeler
Gregory W. Harper
Thomas L. Jones*
Alexander H. Butterman
Thomas E. McKiernan
Karl P. Footland*
Aaron C. Walker*
James J. Livingston, Jr.*
David J. Cutitta*
David E. Moore*
Matthew H. Polson*
Ajay S. Pathak
Ameet I. Patel*
Joseph W. Iskra
Michael A. Leonard II*

*Reg. Patent Agents*

Derrick L. Fields
Luminita A. Todor, PhD

July 18, 2007

<u>VIA FACSIMILE  (918)-583-8251</u>
<u>(ORIGINAL BY FEDERAL EXPRESS)</u>

Ms. Penina Michlin Chiu
Frederic Dorwart, Lawyers
Old City Hall, 124 East Fourth Street
Tulsa, Oklahoma 74103

Re:  Infringement of AXA's Marks
Our Docket:  1318.4014

Dear Ms. Chiu:

We are intellectual property counsel for AXA of Paris France.  We understand that you are trademark counsel for BOK Financial Corporation of Tulsa, Oklahoma ("BOK"), parent of AXIA Investment Management, Inc. ("AXIA").

AXA, one of the world's largest corporations, and a world leader in providing financial and insurance services, is the owner of the following U.S. Service Mark Registration Nos., many of which has obtained incontestable status:

2,337,424 for AXA INVESTMENT MANAGERS

1,679,597 for AXA

2,072,157 for AXA

2,416,704 for AXA

2,118,193 for AXA

2,693,952 for AXA

2,522,000 for AXA FINANCIAL

2,546,263 for AXA ADVISORS

2,546,262 for AXA ADVISORS

2,546,261 for AXA FINANCIAL

2,691,402 for AXA NETWORK

2,837,673 for AXA PRIVATE EQUITY

*limited to matters and proceedings
before federal courts and agencies,
including the U.S. Patent and
Trademark Office

STAAS     HALSEY LLP

Ms. Penina Michlin Chiu
July 18, 2007
Page 2

2,942,802 for AXA PRIVATE EQUITY

2,230,078 for AXA RE

2,696,949 for AXA DIRECT

2,511,513 for AXA ASSISTANCE

2,871,993 for AXA CORPORATE SOLUTIONS

2,987,693 for AXA ART

AXA has, since at least 1998, used and promoted the mark "AXA" extensively in the U.S. for various services, including financial advisory, financial portfolio management, mutual fund investment and insurance. As a result, AXA has acquired substantial and exclusive rights nationwide in these marks, has developed a reputation for quality financial services provided under these marks and, it is believed, the mark "AXA" qualifies as a famous mark.

It has come to AXA's attention that AXIA has begun using the marks "AXIA" and "AXIA Investment Management" in promoting the same and similar services, including equity, fixed-income and cash management strategies to institutional and individual clients throughout the U.S., and mutual funds, as well as research, trading and investment recommendations for institutional and individual equity and fixed-income assets managed by BOK.

It has also come to AXA's attention that BOK has pending an application for federal registration of "AXIA Investment Management" (plus logo, with "Investment Management" disclaimed), and that a Statement of Use has been filed therein.

AXA considers this use of the marks "AXIA" and "AXIA Investment Management", which are similar to the mark "AXA", particularly phonetically, for the same services, to be likely to lead to customer confusion as to the source of the services, and therefore an infringement of AXA's trademark rights, and also dilutes the AXA mark.

For these reasons, AXA demands that your client immediately cease and desist from all further use of "AXIA", "AXIA Investment Management", and any other similar trade name or mark, including, but not limited to, taking immediate steps to delete these marks from any advertising or other promotional materials, such as websites. In addition, AXA demands that your company expressly abandon the pending application for federal registration.

AXA further demands that our firm receive your client's written assurance that it agrees to these to these demands by **August 2, 2007**. If you fail to advise us in writing by this date of such agreement, AXA will, without further notice, take such legal action as it deems advisable, pursuant to its statutory and common law rights, to obtain an immediate injunction, to recover profits, damages for willful infringement, attorneys fees and any

# STAAS  HALSEY LLP

Ms. Penina Michlin Chiu
July 18, 2007
Page 3

costs related thereto, and to otherwise protect its interests, including seeking to cancel any registration that may issue for your client's mark(s).

This letter is without prejudice to any claim for past damages which AXA has already suffered through your client's unlawful activities in connection with its use of the above-identified marks.

We look forward to receiving your written response in a timely manner.

Very truly yours,

William F. Herbert

WFH

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007 I caused a true and correct copy of the

Amended Complaint of Plaintiffs AXA, a French Company, and its subsidiaries, AXA

Investment Managers, Inc., AXA Equitable Life Insurance Company, AXA Advisors, L.L.C.,

AXA Network, L.L.C., AXA Financial, Inc., and AXA Private Equity US, L.L.C. (hereinafter

collectively referred to as the "AXA Companies"), to be served via FedEx, on the following

attorney at the address listed below:

G. Christopher Harriss
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110


Dated: New York, NY
       October 26, 2007


Catherine McGrath